IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT REDDIN                                                    PETITIONER

v.                              Case No. 1:13-cv-1085

RAY HOBBS, Director,                                            RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, ROBERT REDDIN, an inmate confined in the Arkansas Department of Corrections, Randall Williams Correctional Facility, Pine, Bluff, Arkansas, filed this Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  The Respondent, Director, filed his response on December 5, 2013.  ECF No. 6.  For the reasons set forth below the Petition should be dismissed.

**A.  Procedural Background[1]:**

On September 17, 2007, in the Circuit Court of Union County, Arkansas, Petitioner was convicted by a jury of possession of methamphetamine and possession of drug paraphernalia. Petitioner was sentenced to consecutive fifteen (15) year sentences of imprisonment.  His conviction was affirmed by the Arkansas Court of Appeals on November 5, 2008.  *See Reddin v. State*, CACR 08-596, 2008 WL4821005, at *1 (Ark. App. 2008).  Petitioner did not seek review by the Arkansas Supreme Court.

On December 8, 2008, he filed a timely petition for post-conviction relief pursuant to ARK.

---

[1]The procedural background is taken from the Petition, Supplemental Petition, Response to Petition, and this Court's Docket.

R. CRIM. P. 37.1 in the Circuit Court of Union County, Arkansas.  This Rule 37.1 petition alleged the following:  (1) ineffective assistance of counsel in failing to introduce the testimony of two witnesses who could have testified the drugs in question were not Petitioner's; (2) illegal sentence; and (3) Petitioner's mental incompetence to stand trial.  The post-conviction petition was denied by the trial court without a hearing.  Petitioner timely appealed the denial of his post-conviction petition to the Arkansas Supreme Court.  On March 18, 2009, the Arkansas Supreme Court returned Petitioner's brief for corrections and directed him to refile the brief on or before May 6, 2009.  Petitioner was reminded of his obligation to file a corrected brief by letter from the Arkansas Supreme Court on April 23, 2009.  Petitioner failed to file the corrected brief, and the State moved to dismiss the appeal.  On January 14, 2010, the appeal was dismissed for failure to file a brief.

**B.  Prior § 2254 Petition**:

On January 7, 2011, Petitioner filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  *See Reddin v. Hobbs*, Cause No. 4:11-cv-4021.  He raised three claims for relief:

> (1) Ineffective assistance of counsel for failing to introduce the testimony of a witness, Lonnie Miller, who would have claimed ownership of the methamphetamine and drug paraphernalia;
>
> (2) denial of the right to call and confront Lonnie Miller as a witness, because law enforcement threatened one of Petitioner's trial witnesses with arrest if he did not leave the courthouse during the Petitioner's trial; and
>
> (3) improper instruction to the jury regarding the sentence range available.

Petitioner also asserted he was actually innocent of the crime for which he was convicted.  The Respondent asserted the claims in the petition were time barred by 28 U.S.C. §2244(d)(1)(A),

procedurally defaulted, and without factual merit.

On March 6, 2012, the undersigned entered a Report and Recommendation, recommending the petition be denied and dismissed as time barred.  Further, the Report and Recommendation found two of the three claims in the petition were procedurally defaulted, and the third did not raise a constitutional violation even if true.  *See Reddin v. Hobbs*, 2012 WL 1068136 (March 6, 2012, W.D. Ark.).  Petitioner did not file objections to the Report and Recommendation.  On March 29, 2012, the Hon. Susan O. Hickey, adopted the Report and Recommendation *in toto* and dismissed the petition.  *See Reddin v. Hobbs*, 2012 WL 1067733 (March 29, 2012, W.D. Ark.).  Petitioner did not appeal this dismissal.

**C.  Instant Petition**:

Petitioner filed the instant Petition on November 3, 2013.  ECF No. 1.  In this Petition he alleges the following claims:

> (1) Ineffective assistance of counsel for failing to introduce the testimony of a witness, Lonnie Miller, who would have claimed ownership of the methamphetamine and drug paraphernalia;
>
> (2) denial of the right to call and confront Lonnie Miller as a witness, because law enforcement threatened one of Petitioner's trial witnesses with arrest if he did not leave the courthouse during the Petitioner's trial; and
>
> (3) improper instruction to the jury regarding the sentence range available.

These are the same three issues raised in his previous petition in this court.  Further, Petitioner asserts in this instant Petition "**NO** Petitioner has **NOT** previously filed any type of petition, application or motion in Federal Court regarding the conviction Petitioner is challenging."  ECF No. 1, p. 7 (emphasis in original).  This statement is plainly not true.

Petitioner appears to acknowledge his current Petition is untimely filed. He states the recent U.S. Supreme Court decision in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013) allows a claim of actual innocence to be brought outside the statute of limitations period. The Court in *McQuiggin* stated in part: "We have recognized, however, that a prisoner 'otherwise subject to defenses of abusive or successive use of the writ [of *habeas corpus*] may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" *McQuiggin,* 133 S. Ct. at 1931 (citations omitted). As prior Supreme Court decisions show, the foregoing is not a new rule of law and in fact has been recognized by the Supreme Court for many years. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). *See also Herrera v. Collins*, 506 U.S. 390,(1 404–405 (1993); *Sawyer v. Whitley*, 505 U.S. 333 (1992); *McCleskey v. Zant,* 499 U.S. 467, 494–495 (1991); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion).

The Respondent asserts the instant Petition should be dismissed as successive petition, filed without permission of the Court of Appeals pursuant to 28 U.S.C. 2244(b)(3)(A). ECF No. 6,7.

**D.  Discussion**:

Petitioner clearly filed a prior petition in this Court seeking *habeas corpus* relief. Petitioner has not shown he has requested and received permission from the United States Court of Appeals for the Eighth Circuit to file the instant second petition. Title 28 United States Code Section 2244 states in pertinent part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C.A. § 2244(b)(1)(2) and (3)(A).  Even if *McQuiggin* were read to announce a new rule of constitutional law, a petitioner must first obtain permission from the appropriate court of appeals prior to filing a successive petition.  Petitioner has not obtained permission from the Eighth Circuit to pursue this successive petition.  Accordingly, this Court lacks jurisdiction to consider the claims made in the instant Petition, unless and until such authorization is granted. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).  I cannot address Petitioner's claim of actual innocence as an exception to the statute of limitations unless Petitioner obtains permission from the Eighth Circuit to submit such claim.[2]  The instant

---

[2]Even if Petitioner obtains permission from the Eighth Circuit, thereby allowing this Court to reconsider the timeliness of the Petition, the Court has already ruled the issues raised here are either procedurally defaulted or lack merit.

Petition should be dismissed.

**E.  Conclusion**:

      The Petition, as discussed above, should be dismissed as an unauthorized successive

petition.

**F.  Recommendation**:

      Accordingly, based on the foregoing, it is recommended that the instant Petition be

denied as successive and dismissed with prejudice.[3]

      **The parties have fourteen (14) days from receipt of this Report and Recommen-**

**dation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure**

**to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger _de_**

**_novo_ review by the district court.**  _See  Thompson v. Nix_, 897 F.2d 356, 357 (8th Cir. 1990).

      **DATED** this **29th Day of April 2014.**

                          /s/ Barry A. Bryant
                          HON. BARRY A. BRYANT
                          U.S. MAGISTRATE JUDGE

---

[3]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  _Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)._